U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 10 2007

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMMIE SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-639-A |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Jammie Smith is plaintiff and the Commissioner of Social Security, currently Michael J. Astrue,[1] is defendant. The court has carefully considered the proposed findings, conclusions, and recommendation of the United States Magistrate Judge ("FC&R"), plaintiff's objections to same, the defendant's response to plaintiff's objections, and the evidence. For the reasons given below, the court has concluded that plaintiff's objections lack merit.

I.

Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether the final decision of the Commissioner that

---

[1] On February 12, 2007, Michael J. Astrue succeeded Jo Anne B. Barnhart, the defendant named in the complaint, as the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Michael J. Astrue is thus automatically substituted as the proper party.

plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence, and whether the decision complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987).

Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Crouchet, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings,

conclusions, and recommendations, and the plaintiff has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court now makes that determination in the context of the basic principles mentioned above.

## II.

## Background

On March 30, 2001, as a result of being struck by a baseball bat, plaintiff lost all vision in his right eye. See Tr. at 16. According to plaintiff, the loss of vision in this eye, in turn, rendered him chronically depressed and unable to work. Based upon his purported inability to engage in substantial gainful activity since March 30, 2001, plaintiff filed applications with the Social Security Administration ("SSA") for a period of disability and disability insurance benefits, along with supplemental security income benefits. Id. at 15. After his applications were denied, plaintiff sought reconsideration and a hearing with the SSA.

A hearing was subsequently held on March 12, 2003, in Fort Worth, Texas, before Herbert J. Green, an Administrative Law Judge ("the ALJ"). Plaintiff and his mother, Tena Ward, testified, as did, at the ALJ's request, Dr. Ann Turbeville and Donna Humphries, a medical and a vocational expert, respectively. Id. at 15. On May 9, 2003, by written decision, the ALJ outlined his reasons for

3

concluding that, although plaintiff could not return to his past relevant work, "after taking into consideration his residual functional capacity, age, education, and past work experience, there are a significant number of jobs existing in the national economy which [plaintiff] can perform, and hence he is not disabled." Id. In August 2005, the appeals council of the SSA denied plaintiff's request for review of the ALJ's decision, noting that: "This means that the [ALJ's] decision is the final decision of the Commissioner of Social Security in your case." Id. at 4. This action ensued.

III.

## Plaintiff's Specific Objections to the FC&R

Plaintiff makes only two specific objections to the magistrate judge's FC&R. He objects to the magistrate's findings and conclusions that the ALJ (1) properly weighed the opinion of plaintiff's purported treating physician and (2) properly considered the opinion of plaintiff's mother.

A.   Plaintiff's Physician

Plaintiff's alleged treating physician, Dr. Patel, opined that plaintiff's psychiatric problems were severe enough to render him disabled. See Tr. 17-20. To plaintiff's chagrin, however, the ALJ disregarded Dr. Patel's opinion. While the opinion of a treating physician is normally afforded considerable weight in determining disability, the ALJ may give less weight to a treating physician's opinion when that opinion is so brief and conclusory that it lacks strong persuasive weight, is not supported by

4

medically acceptable clinical laboratory diagnostic techniques, or is otherwise unsupported by the evidence. Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985); Perez v. Barnhart, 415 F.3d 457, 465-466 (5th Cir. 2005). Applying those factors here, the court is amply satisfied that the ALJ's decision to disregard Dr. Patel's opinion was a sound one.

As an initial matter, a thorough review of the evidence indicates that Dr. Patel, a psychiatrist with a mental health/mental retardation facility (hereinafter, "the MHMR"), met with plaintiff only three times over the course of his treatment, namely on May 31, 2002, September 26, 2002, and December 13, 2002. See Tr. at 205, 200, 310, respectively. The court thus questions whether Dr. Patel is even appropriately classified as plaintiff's treating physician. Further, given the infrequency of face-to-face meetings with plaintiff, it is perhaps not surprising that there are scant medical progress notes. Id. What few exist are hardly substantive and largely consist of notes of plaintiff's subjective description of his mental health. For example, under the "assessment" section of his May 31, 2002, notes, Dr. Patel writes in part: "[H]ad car accident and got hit by car owner . . . baseball bat . . . denies hearing voices." Id. at 205. And on September 26, 2002, "[L]iving with mother . . . tolerating meds well . . .". Id. at 200.

Most important, however, is that the objective medical evidence, as opposed to plaintiff's subjective complaints, does, just as the ALJ found, flatly contradict the assessment of

5

disability made by Dr. Patel and his staff. The ALJ does a thorough job cataloguing this objective evidence and the court needs not do so again here.[2] See Tr. 16-22. Suffice it to say that Dr. Patel's finding of disability is devoid of any meaningful discussion of plaintiff's psychiatric symptoms. Id. at 18-19. Instead, the two-page opinion consists entirely of Dr. Patel rating plaintiff's ability to carry out four basic mental activities, ranging from the ability to understand and carry out instructions to the ability to adapt in a routine work setting, on a scale of 1 (no loss in ability) to 4 (extreme loss in ability). Id. at 209-210. Dr. Patel's answers yielded a score of 40, indicating, inter alia, serious impairments and an extreme inability to cope with work stresses. Id. at 19, 209-210. In support of his finding, Dr. Patel merely notes: "Depressed, gets nervous, anxious, . . ., obsessive thoughts, etc." Id. at 210. These hardly compelling supporting remarks are further deflated by Dr. Patel's own medical notes of that very day where he merely indicates that plaintiff visited his sister for Thanksgiving, has no suicidal thoughts, has no overt psychosis, and is tolerating his medicines well. Id. at 310.

The ALJ is entitled to determine the credibility of medical experts, including treating physicians, and weigh their opinions accordingly. See Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir.

---

[2] Plaintiff's criticism of the manner in which the ALJ articulated his reasons for discounting Dr. Patel's opinion is without merit. See Pl.'s Objections to the FC&R at 1-2. The ALJ's analysis was very detailed, grounded in the evidence, and persuasive. See Tr. at 16-20.


1994). The ALJ did just that here and did it well. His decision to disregard Dr. Patel's finding of disability is firmly supported by substantial evidence in the record.

B. <u>Plaintiff's Mother</u>

Plaintiff's complaint that the ALJ did not properly consider or discuss his mother's, Tena Ward's, testimony is equally without merit. Under Fifth Circuit precedent, the ALJ has discretion to determine the credibility of an interested witness like Ms. Ward and further is not bound by any rigid rules as to articulating the reasons behind such a determination. <u>See</u>, <u>e.g.</u>, <u>Chaparro v. Bowen</u>, 815 F.2d 1008, 1011 (5th Cir. 1987) (the Commissioner, not the courts, has the duty to evaluate credibility and weigh the evidence); <u>Falco v. Shalala</u>, 27 F.3d 160, 163-64 (5th Cir. 1994) (rejecting the Third Circuit's "rigid approach" that ALJ must specifically articulate the evidence supporting his decision).

While plaintiff acknowledges the status of Fifth Circuit law on this issue, he argues that the Commissioner may require more than the Fifth Circuit and, in fact, has done so. <u>See</u> Pl.'s Objections to FC&R at 6. The purported Commissioner ruling relied upon by plaintiff, however, imposes no requirements regarding either the Commissioner's finding of credibility as to a particular interested witness or to his articulation of that finding. Rather, it merely provides: "In considering evidence from 'non-medical sources' . . . such as spouses, friends, parents, and neighbors, it would be appropriate to consider the nature and the extent of the relationship, whether the evidence is

consistent with other evidence, and any other factors that tend to support or refute the evidence." Id. (citing SSR 06-3p related to 20 C.F.R. § 404.1513(d)(4)). Moreover, even though not required to do so, the court finds it implicit in the ALJ's decision that the ALJ did, in fact, consider the nature of plaintiff's relationship with his mother and also that her testimony was inconsistent with the objective medical evidence in the case. See Tr. at 21. In short the court finds acceptable, and adopts, the magistrate judge's findings and conclusions on this subject.

IV.

Conclusion and Order

For the reasons stated above, the court concludes that all of plaintiff's objections to the FC&R lack merit. Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations. Consistent therewith,

The court ORDERS that the Commissioner's decision be, and is hereby, affirmed.

SIGNED May 10, 2007.

JOHN McBRYDE
United States District Judge